DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Joseph Rodriguez, appeals the September 17, 2004 judgment entry of the Lucas County Court of Common Pleas which, following a plea of guilty pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, sentenced appellant to four years of imprisonment for possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(d). Appellant raises the following assignments of error:
{¶ 2} "Assignment of Error No. 1:
{¶ 3} "In sentencing the appellant to more than the statutory maximum [a non-minimum sentence], the trial court relied on facts not within the jury verdict or admitted by the defendant, contrary to the United States Supreme Court's ruling in USA v. Booker and Blakely v. Washington.
{¶ 4} "Assignment of Error No. 2:
{¶ 5} "In sentencing the appellant, the court failed to make its statutorily sanctioned findings on the record at the sentencing hearing, as required by R.C. § 2929.14(B) and the Ohio Supreme Court's decision in State v. Comer."
{¶ 6} Upon review, we find that this case is controlled by the Supreme Court of Ohio's decision in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856. In Foster, the court held that R.C.2929.14(B) violates the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004),542 U.S. 296, and Apprendi v. New Jersey (2000), 530 U.S. 466. Although it is unclear whether the trial court impermissibly relied on R.C. 2929.14(B), upon review of the record, including the co-defendant's case, and in order to ensure that appellant's constitutional rights are protected, we find that the sentence is void and must be vacated. Foster at ¶ 103-104. Accordingly, appellant's first assignment of error is found well-taken.
{¶ 7} Based on our disposition of appellant's first assignment of error, we find that appellant's second assignment of error is moot and not well-taken.
{¶ 8} On consideration whereof, we find that the judgment of the Lucas County Court of Common Pleas is reversed and appellant's sentence is vacated. The matter is remanded to the trial court for a new sentencing hearing in accordance withFoster, supra. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. concur.